UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT LYNN BALLERING,

        Plaintiff,

  v.                                          Case No. 24-cv-1547-pp

JOSEPH BIDEN, KAMALA HARRIS,
UNITED STATES INSPECTOR GENERAL AND STAFF,
UNITED STATES INSPECTOR GENERAL OF THE NAVY AND STAFFS,
WISCONSIN EVERS ADMINISTRATION AND STATE
REPRESENTATIVES AND STAFFS,
WISCONSIN WORKFORCE DEVELOPMENT CONSUMER PROTECTION
INSURANCE COMMISSIONERS AND ELDERLY ABUSE DEPARTMENTS,
ALL OF BIDEN ADMINISTRATION AND CABINET
MEMBERS US SENATORS & CONGRESS
and ALL STATE ADMINISTRATIONS LEADING BACK TO 2018,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

On December 2, 2024, the plaintiff—who is representing himself—filed a complaint alleging that the defendants unlawfully denied the plaintiff's requests to reenlist in the United States Navy. Dkt. No. 1. The same day, the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Based on the information contained in the motion, the court finds the plaintiff has the ability to pay the filing fee. The court will deny the plaintiff's motion. Dkt. No. 2.

1

## I. Legal Standard

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.").

## II. The Plaintiff's Motion

In his signed motion for leave to proceed without prepaying the filing fee, the plaintiff says that he is not married and has no dependents. Dkt. No. 2 at 1, 4. The plaintiff states that he is not employed, but also says that he receives $4,000 in "total monthly wages or salary" from "landmark credit union." Id. at 2. The plaintiff recounts that he receives "about" $556 "monthly" from his "GE Pension." Id. He lists the following monthly expenses: $1,700 in rent, about

$2,300 in credit card payments,[1] $89 in cell phone payments, $400 in food and $100 in "Auto Ins + Renter + Umbrella." Id. at 2-3. The plaintiff says his total monthly expenses are "about $1700 – 3300." Id. at 3.

The plaintiff reports that he has $1,250,000 in "cash or checking, savings, or other similar accounts." Id. at 3. He states that he owns a 2016 Jeep Grand Cherokee valued at approximately $20,000. Id. The plaintiff says that he does not "own any other property of value, such as real estate, stocks, bonds, trusts, or individual retirement accounts (e.g., IRA, 401K), artwork, or jewelry[.]" Id. at 4. Finally, under "other circumstances," the plaintiff writes, "Living in hotels due to illegal eviction for the second time for over a year now in two different states caused by illegal operations in two county courts under false claims." Id.

**III. Analysis**

The plaintiff's reported monthly income (approximately $4,556) exceeds his estimated monthly expenses ("about $1700 – 3300") by approximately $1,256 to $2,856. Id. at 2-3. More notably, the plaintiff says that he has over one million dollars in "cash or checking, savings, or other similar accounts." Id. The plaintiff can pay the $405 filing fee and the court will deny without prejudice the plaintiff's motion for leave to proceed without prepaying the filing fee.[2]

---

[1] The plaintiff says that his credit card payment "varies" each month. Dkt. No. 2 at 3.

[2] Even when a court grants a motion for leave to proceed without prepaying the filing fee, a plaintiff still is responsible for paying the filing fee over time. See

3

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2. The court **ORDERS** that by the end of the day on **January 10, 2025**, the plaintiff must pay the full $405 filing fee. The plaintiff must pay the $405 filing fee in time for the court to *receive* it by the end of the day on January 10, 2025. If the court does not receive the full filing fee (or a written explanation of why the plaintiff cannot pay it) by the end of the day on January 10, 2025, the court will dismiss the case on the following business day without further notice or hearing for failure to pay the required filing fee.

Dated in Milwaukee, Wisconsin this 27th day of December, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but *not without ever* paying fees." (emphasis added)). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.